UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 09-173-B-W |
| | ) | |
| JOHN P. O'NEILL | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED[1] ORDER ON MOTION
## FOR ISSUANCE OF SUBPOENA[2]

Defendant John P. O'Neill requests an order granting him leave to issue a subpoena to William Card for records from Susan Collins's Augusta office that "would be relevant as impeachment material against Mr. Mahaleris as to the central issue at hand – the content of his discussion with the defendant." (Def.'s Mot. for Subpoena, Doc. No. 55.) The motion is denied.

### BACKGROUND

The Indictment charges John P. O'Neill with violating 18 U.S.C. § 875(c), Transmitting Threatening Communications in Interstate Commerce. The Indictment alleges that O'Neill placed a telephone call from Illinois to Augusta, Maine, and during the call threatened to knock in the teeth of the recipient of the call, C.M., and to put a bullet in the head of another person, S.C. (Indictment Specific Allegation ¶ 1.) The affidavit in support of the original complaint charging the same offense provides greater detail. According to Christopher Peavey, a special agent with the Federal Bureau of Investigation, his investigation revealed that at approximately 9:55 a.m. on February 10, 2009, a male caller telephoned Charles Mahaleris, a staff assistant at

---

[1] The only amendment is to correct a typographical error in the concluding paragraph, correcting defendant's name from O'Brien to O'Neill.

[2] O'Neill requests leave to file this motion after the motion filing deadline. That portion of his request is allowed. I also direct that the prior motions for issuance of subpoenas filed ex parte by O'Neill now be unsealed, as well as the Order I previously entered denying those ex parte requests. (Docket Entries No. 41, 42, 43 & 45)

Senator Collins's office, located in Augusta, Maine. During the telephone call the individual identified himself as John P. O'Neill of Arlington Heights, Illinois. O'Neill stated he was going to put a bullet in the Senator's head and that he was going to knock in the teeth of Mahaleris. Later that same day agents from the Chicago field office of the FBI traveled to the address in Arlington Heights given by the caller and interviewed John P. O'Neill. O'Neill initially denied making the call, but then admitted that he had called to express disappointment with the position Senator Collins had taken on a recent vote. According to O'Neill he became frustrated by what he considered rude treatment by the staffer and did threaten to punch him. He denied threatening to harm the Senator.

In its response to this motion the United States notes that according to discovery provided to O'Neill, Mahaleris told the FBI that there were no notes or logs regarding O'Neill's calls, other than the e-mail to the U.S. Capitol Police. (Gov't Resp. at 5, Doc. No. 57.) In the current subpoena O'Neill requests all the internal records generated from telephone calls fielded by Charles Mahaleris from the public commenting on the Federal Economic Stimulus Package between February 2, 2009, and February 13, 2009.

## DISCUSSION

O'Neill's attorney previously filed three separate ex parte motions directed at record keepers in Senator Collins's Bangor, Augusta, and Portland offices. I have now directed that those ex parte motions and my Order entered thereon be unsealed and made publicly available. I will not repeat the legal analysis set forth in the prior Order, but I do apply that same analysis to the current subpoena, which is much more narrowly tailored than the three subpoenas previously requested.

In my prior Order, I noted that "the only possible use I can see, based on the limited information available to me, would be to impeach Mahaleris's testimony regarding the frequency and tenor of other telephone calls received by him during the same time period. But such a use would mean that the subpoena would be directed at the calls he received in the Augusta office." (Ex Parte Order at 4, Doc. No. 45.) Apparently O'Neill viewed my speculation as a basis for obtaining a subpoena because he now says the records he seeks have impeachment value vis-à-vis Mahaleris's anticipated trial testimony. However, I also noted in my prior order that using a Rule 17 subpoena for production of impeachment evidence in advance of trial is generally not in keeping with the purposes Rule 17 is meant to serve. See, e.g., United States v. Johnson, No. CR-94-48 SBA, 2007 U.S. Dist. Lexis 95834, *5, 2008 WL 62281, *2 (N.D. Cal. 2008); United States v. Giampa, No. 92-CR-437, 1992 U.S. Dist. Lexis 15214, *7-8, 1992 WL 296440, at *3 (S.D.N.Y. 1992). The First Circuit does recognize that the pretrial disclosure of impeachment evidence is committed to "the sound discretion of the district court." United States v. LaRouche Campaign, 841 F.2d 1176, 1180 (1st Cir. 1988). The standard the court should apply is whether the defendant has shown a "sufficient likelihood" that the requested materials "contain relevant and admissible evidence." United States v. Shinderman, 432 F.Supp.2d 157, 160 (quoting United States v. Nixon, 418 U.S. 683, at 700 (1974)).

The motion purports to seek impeachment material to challenge the credibility of the complaining witness, Charles Mahaleris. In the current subpoena O'Neill requests eleven days of internal records relating to all telephone calls fielded by Charles Mahaleris from the general public related to the economic stimulus bill. He claims these records have relevance to impeachment of Mahaleris vis-à-vis his conversation with O'Neill on the tenth day of February. There is no question in my mind as to the sufficient likelihood of relevance as to any internal

records regarding the O'Neill call kept by Collins's office.  But the United States represents that the only such records have already been provided.  I do not understand how O'Neill would be able to impeach Mahaleris's account of his conversation with O'Neill by using internal records of telephone conversations that occurred a week earlier.  There is no reasonable inference that I am able to draw as to how these records would serve to impeach Mahaleris's credibility regarding what he says O'Neill said to him.  This subpoena does not request documents that simply record the overall volume of calls fielded by Mahaleris, but rather it seeks the content of such calls and other notes or logs to the extent the calls related to the economic stimulus bill.

Because I conclude that O'Neill has not satisfied the basic prerequisites of Rule 17(c) in that he has failed to suggest a rationale, let alone a "sufficient likelihood," as to why all the internal records would contain impeachment material, he has failed to satisfy the relevance prong of the Nixon test.  Therefore, I need not address the United States' further argument that even if O'Neill could make a showing that the requested records are relevant, he could not prove their admissibility because they are protected from disclosure by the Speech and Debate Clause of the United States Constitution.  U.S. Const. art. I, § 6, cl. 1.

## CONCLUSION

Defendant O'Neill's Motion for Subpoena (Doc. No. 55) is DENIED.

## CERTIFICATE

Any objection to this Order shall be filed in accordance with F. R. Crim. P. 59(a).

*So Ordered.*

January 21, 2010                                            /s/ Margaret J. Kravchuk
                                                            U.S. Magistrate Judge